KHUSHPREET R. MEHTON, SBN 276827
**ACCESSIBLE CALIFORNIA, APC**
2880 Zanker Road, Suite 203
San Jose, CA 95134
Telephone: (408) 449-4505
Facsimile: (408) 432-7235
Email:  kmehton@accessiblecalifornia.com

Attorney for Plaintiffs Marty Kimes and Dennis Fitzgerald

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTHA KIMES, and DENNIS FITZGERALD,<br><br>         Plaintiffs,<br><br>v.<br><br>CARLOS SOLORZANO, KAREN SOLORZANO, individually and doing business as CARLOS' COUNTRY KITCHEN; and DOES 1-10, inclusive,<br><br>         Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51,52; AND RELATED CODES AND REGULATIONS<br><br><u>DEMAND FOR JURY</u> |

Plaintiffs, Martha Kimes and Dennis Fitzgerald, allege as follows:

**I.  PARTIES**

1.     Plaintiff, Martha Kimes (hereinafter "Kimes") suffers from osteogenesis imperfecta, asthma, and has ongoing complications caused by multiple past surgeries. Kimes has substantial limitations on many of her major life activities including traveling about in public. As such, Kimes requires accessible features such as paths of travel, parking, restrooms, and handrails. Kimes is a "person with a disability" and "physically handicapped person" as defined in all applicable California and United States laws and

1  a person whose rights are protected by these laws.

2      2.    Plaintiff, Dennis Fitzgerald (hereinafter "Fitzgerald") (collectively with
3  Kimes hereinafter "Plaintiffs") suffers from osteogenesis imperfecta, congestive heart
4  failure, asthma, lupus anticoagulant, chronic obstructive pulmonary disease (COPD),
5  Post Traumatic Stress Disorder (PTSD) and Gulf War Syndrome.  Fitzgerald typically
6  utilizes a wheelchair or at very least a walker at all times when traveling about in public.
7  Fitzgerald also requires 24-hour access to oxygen that he carries with him in an oxygen
8  tank (usually hung on his wheelchair). Fitzgerald has substantial limitations on many of
9  his major life activities including caring for himself and moving about in public. Fitzgerald
10 is a "person with a disability" and "physically handicapped person" as defined in all
11 applicable California and Unities States laws and a person whose rights are protected
12 by these laws.

13     3.    At all relevant times, Kimes and Fitzgerald are and were each a "person
14 with a disability" and a "physically handicapped person" within the meaning of the
15 Americans with Disabilities Act and California Government Code section 12926, and
16 each is a person whose rights are protected by these laws.

17     4.    This is a civil rights action by Plaintiffs for disability discrimination by
18 Defendants Carlos Solorzano and Karen Solorzano, individually and doing business as
19 Carlos' Country Kitchen, and Does 1 through 10, inclusive.

20     5.    Plaintiffs are informed and believe that Defendants own, operate, and/or
21 manage the business known as Carlos' Country Kitchen located at 90 W. College
22 Avenue, Santa Rosa, California (the "Facility").

23     6.    Plaintiffs do not know the true names and capacities of Defendants sued
24 herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such
25 fictitious names. Plaintiffs are informed and believe that each of the Defendants herein,

including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend this Complaint when their true names and capacities are ascertained.

7. Plaintiffs are informed and believe that each of the Defendants is and was the agent, employee or representative of each of the other Defendants and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some form or manner for the acts and omissions of the other Defendants thereby proximately causing the damages complained of herein.

8. At all relevant times, all Defendants and each of them were legally responsible to Plaintiffs for each of their co-defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for violations of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, et seq.

10. Supplemental jurisdiction for claims brought under related causes of action arising from the same facts under California law is predicated on 28 U.S.C. § 1367.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is based on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiffs' cause of action arose in the Northern District.

12. This case should be assigned to the San Jose intradistrict Court because the incident occurred in, and Plaintiffs' rights arose in, the San Jose intradistrict.

### III.  SUMMARY OF FACTS

13. In August 2018, Plaintiffs went together to the Facility to eat. Kimes has visited the Facility on approximately two (2) additional occasions without Fitzgerald during the statutory period. During their respective visits to the Facility Plaintiffs encountered some or all of the following barriers to access:

- No tow away warning sign;
- There is no accessible route from the public sidewalk to the main entrance door of the Facility;
- There is no accessible route from the main entrance door to the public restroom entrance door;
- The accessible parking space and access aisle have slopes in excess of 2.08%;
- The accessible parking space stall is dimensionally too small;
- The access aisle is also dimensionally too small;
- The access aisle is improperly marked;
- There is no accessible outdoor seating;
- The accessible entrance landing is not sufficiently level and exceeds 2.08%;
- The entrance door threshold exceeds one-half inch (1/2") in height;
- There is no accessible seating within the Facility;
- The Facility lacks an accessible restroom; and
- Plaintiffs are informed and believe there may be additional barriers to their access at the Facility and intend to amend their Complaint, if necessary, after completion of a Joint Site Inspection under General Order 56.

14. The barriers Plaintiffs encountered at the Facility on each of their visits was frustrating, upsetting, and humiliating to Plaintiffs. The lack of accessibility caused Plaintiffs to feel like second-class citizens. During their August 2018 visit, Plaintiffs were particularly frustrated because Fitzgerald needed to use the restroom, however, because there was no accessible restroom at the Facility, Fitzgerald was unable to get his wheelchair through the narrow doorways of the men's restroom. An employee/manager of the Facility suggested that Fitzgerald try the women's restroom, however, the doorway to the women's restroom was also too narrow for his wheelchair to enter. Unfortunately, Plaintiffs were unable to get Fitzgerald into the restroom to utilize its facilities. Plaintiffs were frustrated, embarrassed, upset, and humiliated by Fitzgerald's inability to enter either of the restrooms. Plaintiffs were forced to cut their outing that day short and return home so that Fitzgerald could utilize the restroom.[1] Although, Kimes was able to enter the women's restroom she found that the restroom itself was not complaint and had additional barriers to her access beyond the narrow doorway that prevented Fitzgerald from entering.

15. Plaintiffs live in Santa Rosa and would like to be able to continue to dine at the Facility because they enjoy the food offered there but they are deterred from returning to the Facility because of the difficulties they encountered there.

16. Until the discriminatory policies, practices, and procedures of Defendants,

---

[1] Fitzgerald's medical condition limits Plaintiffs' collective outings and on the August 2018 visit Plaintiffs wanted to enjoy the food offered at the Facility after one of Fitzgerald's medical appointments. Fitzgerald's difficulties with the barriers to access at the Facility, however, were particularly discouraging and make Plaintiffs apprehensive to return to Facility as they will continue to encounter barriers that deny them full and equal access to the Facility.

and each of them, are modified and changed, Plaintiffs will continue to be denied full and equal access to the goods and services offered by Defendants to the general public because they will suffer ongoing discrimination and damages by being excluded and deterred from the Facility

17. Plaintiffs are informed, believe, and based thereon allege that their individual experiences of disability discrimination by Defendants are representative of Defendants' overall failure to maintain adequate accessible facilities and adequate training of employees as to the rights of customers with disabilities.

18. The discriminatory treatment of Plaintiffs by Defendants constitutes an ongoing violation of both federal and state laws, and unless enjoined by this Court, will result in an ongoing and irreparable injury to Plaintiffs and other similarly situated persons.

## IV.  FIRST CLAIM
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. §12101 et seq.

19. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Congress enacted the Americans with Disabilities Act (hereinafter "ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be "serious and pervasive social problems."  42 U.S.C. § 12101(a)(2).

21. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with

disabilities." 42 U.S.C. § 12101(b)(1)-(2).

22. Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a).

23. The ADA further provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of disability or disabilities of such individual class, directly, or through contractual, licensing, or other arrangement with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

24. Discrimination under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . ." 42 U.S.C. § 12182(b)(1)(A)(iii).

25. The ADA further prohibits "a failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . ." 42 U.S.C. § 12182(b)(1)(A)(ii).

26. By virtue of their acts and omissions herein alleged, Defendants have violated Title III of the ADA as to Plaintiffs.

27. Pursuant to 42 U.S.C. § 12188(a), Plaintiffs are entitled to declaratory and injunctive relief, and to recover reasonable attorneys' fees and costs incurred in bringing this action.

## V.  SECOND CLAIM
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
## CALIFORNIA CIVIL CODE § 51 et seq.

28. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Pursuant to §51(f),

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

30. Plaintiffs are persons with disabilities within the meaning of the Unruh Act.

31. Defendants' Facility is a business establishment within the meaning of the Unruh Act.

32. Plaintiffs suffered damages as above described as a result of Defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards including, but not limited to, denying Plaintiffs the opportunity for full and equal access and enjoyment to the Facility and the goods and services provided therein, in violation of both California law and the ADA, as described in the Summary of Facts, *supra*, the contents of which are incorporated herein.

33. California Civil Code §52(a) provides that each such violation entitles Plaintiffs to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage

but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto. . . ."

34. On the subject occasion when Plaintiffs attempted to obtain service at the Facility they were not allowed full and equal enjoyment and access due to the refusal by Defendants to provide accommodation to and around the Facility. As a result, Plaintiffs suffered unnecessary anxiety and panic, causing them to feel humiliated, embarrassed and angry that they could not obtain service at the Facility simply because they were disabled.

35. Plaintiffs were damaged by Defendants' wrongful conduct and seek statutory minimum damages of four thousand dollars ($4,000.00) each for each event of discrimination and for each time Plaintiffs have been deterred from returning to the business together with attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. That the Court issue a preliminary and permanent injunction directing Defendants as the owners and/or operators of Carlos Country Kitchen to establish policies and procedures so that it provides full and equal access to all persons, including persons with physical disabilities as required by law.

2. That the Court retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions complained of herein no longer occur, and cannot reoccur;

3. That Plaintiffs be awarded all appropriate damages, including but not limited to statutory damages, general damages, special damages, punitive/exemplary damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. That Plaintiffs be awarded all of their reasonable statutory attorney's fees,

litigation expenses, and costs of this proceeding as provided by law;

5. That Plaintiffs be awarded prejudgment interest pursuant to Civil Code §3291; and for

6. Such other and further relief as the Court deems just and proper.

Dated:  September 6, 2019				**ACCESSIBLE CALIFORNIA, APC**

By: */s/ Khushpreet R. Mehton        /*
KHUSHPREET R. MEHTON
Attorney for Plaintiffs Martha Kimes and Dennis Fitzgerald

## **DEMAND FOR JURY**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated:  September 6, 2019				**ACCESSIBLE CALIFORNIA, APC**

By: */s/ Khushpreet R. Mehton        /*
KHUSHPREET R. MEHTON
Attorney for Plaintiffs Martha Kimes and Dennis Fitzgerald